# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3412-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

C.J.M.-G.,[1]

    Defendant-Appellant.

_____

Submitted October 13, 2020 - Decided December 16, 2020

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-02-0305.

J.Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use the parties' initials to protect victim's privacy. R. 1:38-3(d)(10).

PER CURIAM

Defendant C.J.M.-G. appeals from a February 19, 2019 order denying his petition for post-conviction relief (PCR). We affirm.

A jury convicted defendant of second-degree sexual assault, N.J.S.A. 2C:14-2(b) and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). The trial court sentenced defendant to a term of ten years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the second-degree sexual assault, and a concurrent term of five years on the second-degree endangering the welfare of a child.

We affirmed defendant's conviction and sentence on direct appeal. State v. C.J.M.-G, No. A-0820-15 (App. Div. July 6, 2017). The facts and evidence were discussed in detail in our opinion and need not be repeated here. In summary, defendant was accused of sexually assaulting his seven-year-old stepdaughter, L.L., which she reported to a relative in 2012.

At trial, L.L. testified regarding the sexual assault. The State also presented testimony from four witnesses who recounted what L.L. told them about defendant's conduct. All four statements were deemed admissible under the tender years hearsay exception, N.J.R.E. 803(c)(27). Three of the witnesses testified to the abuse that occurred in 2012, while L.L.'s mother, T.L., testified

to an incident of sexual assault that allegedly occurred in Maryland in 2009. The State also introduced into evidence L.L.'s taped police interview in which she described the sexual assault and defendant's taped interrogation and subsequent confession.

On direct appeal, defendant raised the following issues:

> POINT I: THE PREJUDICIAL EFFECT OF CUMULATIVE, REPETITIOUS TESTIMONY ADMITTED PURSUANT TO N.J.R.E. 803(c)(27) DENIED DEFENDANT A FAIR TRIAL AND REQUIRES REVERSAL OF THE CONVICTIONS
>
> POINT II: THE MAXIMUM 10-YEAR NERA SENTENCE FOR A SECOND-DEGREE OFFENSE IS MANIFESTLY EXCESSIVE AND SHOULD BE REDUCED

We addressed and rejected both arguments. We concluded that the trial judge properly exercised her discretion in admitting the corroborative statements under Rule 803(c)(27). In addition, we upheld defendant's sentence because it was supported by adequate evidence in the record.

Defendant filed a subsequent PCR petition, asserting trial counsel failed to adequately investigate and interview witnesses and that both trial and appellate counsel failed to raise the proper objection to T.L.'s testimony. In an oral opinion issued on February 19, 2019, the PCR judge rejected defendant's arguments. The judge noted that even if defendant received deficient

3

representation, he failed to show how it would have altered the outcome of the trial and appeal. In addition, the judge noted that defendant failed to support his inadequate investigation claim with the proper certifications or affidavits.

Before this court, defendant presents the following issues:

> POINT I: THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS
>
> A. Trial and Appellate Counsel Failed to Challenge The 2009 Maryland Incident as Other-Crimes Evidence
>
> B. Trial Counsel Failed to Conduct an Adequate Investigation

A.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in

A-3412-18T1

performance prejudiced defendant's right to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. 687, 694.

We begin by addressing defendant's argument that he received ineffective assistance of counsel because trial and appellate counsel did not challenge T.L.'s testimony under N.J.R.E. 404(b).

In 2009, defendant, T.L., and L.L. resided in a rooming house in Maryland. L.L. told a fellow tenant named Guadalupe that defendant was sexually abusing her. After Guadalupe relayed this information to T.L., she confronted her daughter about the abuse. L.L. said she did not tell T.L. about the incidents because defendant threatened to cut out her tongue. T.L. stated she did not report the abuse to the police because she was financially dependent on defendant.

When the State sought to introduce T.L.'s testimony at trial under Rule 803(c)(27), defense counsel objected, arguing it was unreliable and highly prejudicial. After a hearing, as stated, the trial court permitted T.L.'s testimony under the tender years exception.

In considering defendant's PCR petition, the PCR court noted trial counsel only objected to T.L.'s testimony as inadmissible under Rule 803(c)(27).

5

However, even if counsel had raised Rule 404(b) as an additional ground for excluding the testimony, the PCR judge determined it would not have changed the outcome. He stated:

> Even if these statements were excluded under 404(b), the State presented other evidence sufficient to support the charges for which the defendant was convicted. Defendant was not charged with the assault alleged to have occurred in 2009. The more relevant testimony related to the 2012 assaults. L.L.'s statements to her doctor and her family, as well as her recorded statement to police, supported those charges. She also testified at trial. The statements that potentially implicate 404(b) were used to establish context in a timeline of events. There is no indication that the outcome of the finished trial would have changed if these particular statements were excluded.

We recognize an analysis under Rule 404(b) is more stringent than the Rule 403 balancing factors considered by the trial judge in determining the availability of the tender years exception following a Rule 104 hearing. Under Rule 403, a trial court has the discretion to exclude evidence if it finds the prejudicial value of the evidence substantially outweighs its probative value. State v. D.G., 157 N.J. 112, 128 (1999). However, under Rule 404(b), "[t]he probative value of the evidence must not be outweighed by its apparent prejudice." State v. Cofield, 127 N.J. 328, 338 (1992).

6

Here, trial counsel might have been successful in excluding the evidence under Rule 404(b) and a <u>Cofield</u> analysis had the trial court found the probative value of the proffered testimony was outweighed by its prejudice. However, defendant did not establish the second <u>Strickland</u> prong – how the result of the trial and direct appeal would have been different. If the evidence had been excluded, as the PCR court correctly noted, there was ample other evidence to support the jury's finding of guilt.

B.

An ineffective assistance of counsel claim may occur when counsel fails to conduct an adequate pre-trial investigation. <u>State v. Porter</u>, 216 N.J. 343, 352-53 (2013). Our Supreme Court has stated:

> [i]f counsel thoroughly investigates law and facts, considering all possible options, his or her trial strategy is virtually unchallengeable. But strategy decisions made after less than complete investigation are subject to closer scrutiny. Indeed, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. A failure to do so will render the lawyer's performance deficient.
>
> [<u>State v. Savage</u>, 120 N.J. 594, 617-18 (1990) (internal quotations omitted).]

To establish a prima facie claim, defendant must do more than make bald assertions that he was denied the effective assistance of counsel. <u>State v.</u>

Cummings, 321 N.J. Super. 154, 170 (1999).  Defendant must allege facts sufficient to demonstrate counsel's alleged substandard performance.  Ibid. When a defendant claims his trial attorney inadequately investigated the case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.  Ibid.

In support of his application, defendant certified the following:

> On November 20, 2012, my day off, I went to Trenton to visit my child and my former girlfriend.  I left New Brunswick at around 6:30 a.m.  When I left the apartment, [T.L] was there.  I told my lawyer the name of my former girlfriend, Christina, but she was not called to testify.
>
> During the rest of Thanksgiving week, several people were staying in the apartment with us.  The apartment was very crowded.  I gave the names of the people who were staying with us that week to my lawyer as well.

In addition, defendant produced an investigator's report that included interviews with Christina Pelaez.  The report states:

> Ms. Christina Pelaez stated that she was never contacted by defense counsel, or law enforcement with questions about this case.  Ms. Pelaez learned about the case by corresponding with the client, [C.J.M.-G.].  Ms. Pelaez stated that she would not have been against being interviewed had she been contacted.
>
> . . . .

Ms. Christina Pelaez recalls that [C.J.M.-G.] visited her during the week of Thanksgiving in 2012. Ms. Pelaez stated that it was either the Monday or Tuesday of Thanksgiving week of 2012. Ms. Pelaez cannot remember the exact time of arrival but stated that [C.J.M.-G.] arrived at her house in the morning. Ms. Pelaez remembers the visit because she gave [C.J.M.-G.] a picture of their son during that particular visit.

Further investigation reports submitted in support of defendant's PCR petition stated that three prospective defense witnesses tendered by defendant could not be located.

In rejecting defendant's inadequate investigation claim, the PCR judge stated:

> The defendant filed a certification from one potential . . . witness. . . . She certifies that the defendant visited her in Trenton on the Monday or Tuesday of the week of Thanksgiving in 2012. [The victim] accused the defendant of committing the assaults during that week as well. This witness's version of facts does not provide an alibi for the defendant. Even if he were in Trenton at some point during the week, he would also have spent time in New Brunswick with [the victim]. It is not unreasonable for defense counsel to conclude that this witness would not have benefited [at] trial, and chosen not to pursue that line of investigation.
>
> The defendant does not present affidavits or certification from the other witnesses he argues should have been interviewed in preparation for trial. The remaining witnesses allegedly include his downstairs neighbor, and several house guests. The defendant's

investigator reported he could not make contact with the other potential witnesses. It is unclear how these witnesses could account for every moment of the defendant's every day during the time period in question. Defendant's own assertion that the witnesses would have told his attorney and the jury that defendant had never been alone with the victim is insufficient to support his claim of failure to investigate. The defendant therefore has not shown that his trial counsel's decision not to interview and present these witnesses at trial constituted deficient representation.

Even if the [c]ourt[] accept[s] that these witnesses would have testified to those facts, there is no indication that this proposed testimony would have benefited the defendant at trial.

We discern no error in the court's determination.

Because defendant did not present a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3412-18T1